IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RICKY CUNNINGHAM                                                                        PLAINTIFF

v.                                    Case No. 4:20-cv-4047

NEW MILLENNIUM BUILDING
SYSTEMS, LLC; TOP FLIGHT STEEL,
INC.; JOE TEX XPRESS, LLC;
HILLWOOD CONSTRUCTION SERVICES,
L.P.                                                                                    DEFENDANTS

## ORDER

Plaintiff, a citizen of Texas, filed this action in the Hempstead County Circuit Court against Defendant New Millennium Building Systems, LLC, a citizen of Indiana. The case was removed to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). The Court then granted Plaintiff leave to file an amended complaint that added additional defendants. ECF No. 22. In the amended complaint (ECF No. 23), all the newly added defendants are alleged to be Texas citizens. Plaintiff's amended complaint acknowledges that complete diversity of citizenship is no longer present. ECF No. 23, p. 2. Thus, the Court *sua sponte* raised the issue of jurisdiction (ECF No. 24) and directed the parties to file a response indicating whether they had any objection to the Court remanding this case to the Hempstead County Circuit Court. The parties filed a joint response agreeing with the Court's reasoning and stating that this case should be remanded. ECF No. 25.

Federal courts are courts of limited jurisdiction, and only certain types of cases may proceed in federal court. *See Dakota, Minn. & E. R.R. Corp. v. Schieffer*, 715 F.3d 712, 712 (8th Cir. 2013). "Subject matter jurisdiction . . . is a threshold requirement which must be assured in every federal case." *Turner v. Armontrout*, 922 F.2d 492, 493 (8th Cir. 1991). Thus, the Court

has a special obligation to consider whether it has subject matter jurisdiction in this case. *See Clark v. Baka*, 593 F.3d 712, 714 (8th Cir. 2010) (per curiam).

Federal courts have diversity jurisdiction over civil actions between citizens of different states where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a-b). Complete diversity "exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). As stated above, Plaintiff alleges to be a citizen of Texas and further alleges that two defendants are also citizens of Texas. Thus, complete diversity does not exist here, and the Court lacks subject matter jurisdiction over this case. Accordingly, this case is remanded to the Circuit Court of Hempstead County, Arkansas, for further adjudication.

**IT IS SO ORDERED**, this 17th day of September, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge